# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2014

Lyle W. Cayce
Clerk

No. 14-30044
Summary Calendar

THANH VAN NGUYEN; SANG PHAN,

Plaintiffs-Appellants,

v.

HUNG DO,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-2537

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Appellants Thanh Van Nguyen and Sang Phan appeal the dismissal of their complaint for lack of subject matter jurisdiction. For the reasons herein, we affirm the district court's summary judgment.

## I.

The case arises out of an alleged physical altercation that occurred on a vessel docked at Ditcharo's Shrimp Dock, located on a navigable waterway in Plaquemines Parish, Louisiana. Appellants Nguyen and Phan and Appellee

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30044

Hung Do are all commercial fishermen who own and operate shrimp boats. Nyugen and Phan alleged that while Nyugen was performing repairs on his boat, Do boarded the vessel and attacked him, pushing him off the vessel and striking him in the head with a wooden board. Phan allegedly was also injured by Do while attempting to help Ngyuen. As a result of the attack, both Appellants claim they sustained serious injuries that prevented them from working as fishermen.

## II.

Nyugen and Phan brought suit against Do in connection with the attack, asserting causes of action under general maritime law and under Louisiana law. Do moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting Appellants had not satisfied the connection test for federal admiralty jurisdiction. Appellants filed an amended complaint.

The district court dismissed the case for lack of admiralty jurisdiction. It found that Appellants had not satisfied a requirement for admiralty jurisdiction—namely, a showing that "the general character' of the 'activity giving rise to the incident'" have "a 'substantial relationship to traditional maritime activity.'" *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995) (quoting *Sisson*, 497 U.S. at 365, 364 & n.2). The court found that this condition was not satisfied because Appellants had not shown Do was engaged in a traditional maritime activity at the time of the attack.

## III.

We review a district court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the district court's judgment and

No. 14-30044

reasoning, we AFFIRM the dismissal and adopt the district court's analysis in full.